Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John Z. Lee | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 6179 | **DATE** | 9/6/12 |
| **CASE TITLE** | Donald Strickland (#2012-0524126) vs. Tom Dart | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to proceed *in forma pauperis* [#3] is granted. The court authorizes and orders Cook County Jail officials to begin making monthly deductions in accordance with this order. The Clerk shall send a copy of this order to the Supervisor of Inmate Trust Fund Accounts, Cook County Dept. of Corrections Administrative Office, Division V, 2700 S. California, Chicago, IL 60608. However, summonses shall not issue at this time. The complaint is dismissed without prejudice. Plaintiff is granted thirty days to submit an amended complaint (plus a judge's copy and service copies). The Clerk is directed to provide Plaintiff with an amended civil rights complaint form. Failure to submit an amended complaint within thirty days of the date of this order will result in summary dismissal of this case.

■ [For further details see text below.]  Docketing to mail notices.

## STATEMENT

Plaintiff, an inmate in the custody of the Cook County Jail, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983, alleging that he was subjected to unconstitutional conditions of confinement at the jail. More specifically, Plaintiff claims that sometime in July, presumably of this year, there was insufficient ventilation, inadequate running water in his cell, and spiders, mice, and roaches in his cell. He contends that the walls were so hot they sweated, that he had to wait until his cell doors were open for water to drink, and that he was bitten by a spider.

Plaintiff's motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(4), the initial partial filing fee is waived. However, the supervisor of inmate trust accounts at the Cook County Jail is authorized and ordered to begin collecting monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. *See* 28 U.S.C. § 1915(b)(2). Monthly payments shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10.00 until the full $350.00 filing fee is paid. *Id.* All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action. The Cook County inmate trust account office shall notify transferee authorities of any outstanding balance in the event the plaintiff is transferred from the jail to another correctional facility.

However, Plaintiff must submit an amended complaint, as the pleading on file is inadequate. Rule 8(a) of the Federal Rules of Civil Procedure requires the complaint to contain: (1) a short and plain statement of the basis for the court's jurisdiction; (2) a short and plain statement of the plaintiff's basic claims, and (3) a demand
**(CONTINUED)**

AWL

| STATEMENT |
|---|

for the relief sought. To satisfy the notice pleading requirements of Fed. R. Civ. P. 8(a)(2), Plaintiff need not provide detailed information, but he must at least provide "some indication . . . of time and place." *Thompson v. Washington*, 362 F.3d 969, 971 (2004). In cases implicating an unconstitutional condition of confinement, the court must take into account the duration of the condition. *DeSpain v. Uphoff,* 264 F.3d 965, 974-75 (7th Cir. 2001); *see Antonelli v. Sheahan,* 81 F.3d 1422, 1431 (7th Cir. 1996). Plaintiff alleges generally that the conditions of his cell were "nasty" during parts of the summer; however, he provides little to no information as to the duration of said conditions.

Additionally, given that Plaintiff alleges that his cell conditions rose to an unconstitutional level only recently, his complaint suggests that he has not exhausted administrative remedies. The Prison Litigation Reform Act of 1996 ("PLRA") contains a comprehensive administrative exhaustion requirement. "No action shall be brought with respect to prison conditions . . . by a prisoner . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997(e)(a). Plaintiff states the lack of ventilation, lack of running water, and infestation of pests rendered the conditions of his confinement unconstitutional during sometime in July. His complaint is dated August 6, 2012. It appears that Plaintiff could not have fully exhausted his administrative remedies prior to filing suit. Although failure to exhaust is an affirmative defenses that need not be alleged in the complaint, when the defense is so plain from the face of the complaint, it may be dismissed. *Turley v. Gaetz*, 625 F.3d 1005, 1013 (7th Cir. 2010) (citing *Walker v. Thompson*, 288 F.3d 1005, 1009-10 (7th Cir. 2002)). To proceed with this case, Plaintiff must indicate whether he exhausted administrative remedies.

For the foregoing reasons, the Court dismisses the complaint without prejudice. Plaintiff is granted thirty days in which to submit an amended complaint. The amended complaint should give Defendant notice of the time and place of the alleged violations, and Plaintiff should only file his proposed amended complaint to the extent he can establish that he fully exhausted his administrative remedies prior to filing suit.

Plaintiff must write both the case number and the judge's name on the amended complaint, sign it, and return it to the Prisoner Correspondent. As with every document filed with the court, Plaintiff must provide an extra copy for the judge; he must also submit a sufficient number of copies for service on each Defendant named in the amended complaint.

Plaintiff is cautioned that an amended pleading supersedes the original complaint and must stand complete on its own. Therefore, all allegations must be set forth in the amended complaint, without reference to the original complaint. Any exhibits Plaintiff wants the court to consider in its threshold review of the amended complaint must be attached, and each copy of the amended complaint must include complete copies of any and all exhibits.

The Clerk will provide Plaintiff with an amended complaint form and instructions. If Plaintiff fails to comply within thirty days, the case will be summarily dismissed on the understanding that Plaintiff does not wish to pursue his claims in federal court at this time.