# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John Z. Lee | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 6179 | **DATE** | 10/30/12 |
| **CASE TITLE** | \multicolumn{3}{l}{Donald Strickland (#A-73912) vs. Tom Dart} |

**DOCKET ENTRY TEXT**

Plaintiff's amended complaint [5] is dismissed without prejudice to Plaintiff submitting another amended complaint in accordance with this order within 30 days of the date of this order. Plaintiff's failure to comply will result in dismissal of this case. The clerk is directed to send another amended complaint form to Plaintiff.

■[ For further details see text below.]                                                                                    Docketing to mail notices.

## STATEMENT

     Plaintiff, Donald Strickland, currently confined at Stateville Correctional Center's Northern Reception Center, has submitted an amended complaint following this Court's September 6, 2012 order. In his original complaint, Plaintiff alleged that, sometime during July 2012, he was housed in a cell at the Cook County Jail that was extremely hot and had very little ventilation. The Court dismissed the complaint so that Plaintiff could clarify the time frame he endured such conditions. In his amended complaint, Plaintiff now alleges different adverse cell conditions he experienced during his stay in other cells. He states that, when he entered Cook County Jail on May 24, 2012, he was housed in Division 3 in a "dirty, nasty" cell with no running water, rats, mice, roaches, and spiders, one of which bit him. It took several days for him to receive medical attention for the bite. He was then moved to a cell in Division 6, which had roaches and which was very cold, possibly causing him to catch a cold. Plaintiff states that he was housed in these conditions from May 24 to May 27, 2012. Plaintiff again names Sheriff Tom Dart as the only Defendant, but does not mention him in the body of the amended complaint and does not state how Dart was involved.

     Preliminary review of the amended complaint, *see* 28 U.S.C. § 1915A, indicates that it cannot proceed. First, if Plaintiff seeks to pursue new claims of adverse cell conditions concerning his confinement different than his original complaint, he should file a new suit. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against different defendants belong in different suits"); *see also Banks v. Cook County*, No. 11 C 6113, (Order of 5/15/12) (Kennelly, J.) (a plaintiff cannot raise entirely new claims in an amended complaint), citing *United States v. Antonelli*, 371 F.3d 360, 362 (7th Cir. 2004) (prisoner could not evade the Prison Litigation Reform Act's mandates by filing motion under criminal case number as opposed to filing a new civil action); *Moran v. Sondalle*, 218 F.3d 647, 651 (7th Cir. 2000) (per curiam); *McCord v. Bertrand*, 2005 WL 752250, No. 05 C 68, (W.D. Wisc. March 29, 2005) (Crabb, J.) (prisoner that sought to raise new claims against new defendants had to file a new lawsuit). The claims in the amended complaint appear to be unrelated to the claims in the original complaint and appear to involve different Defendants (though Tom Dart is named in both complaints, he appears not to be the proper Defendant for either complaint, which is discussed below). To proceed with this case, Plaintiff must clarify the cell conditions that are the subject of this case.

     As for the cell conditions alleged in the amended complaint, Plaintiff's allegations do not state a 42 US.C. § 1983 claim of deliberate indifference to an unconstitutional condition of confinement. To state a § 1983 claim about adverse jail conditions, Plaintiff must allege facts that, if true, would establish both: (1) that the conditions were "sufficiently serious" such that they denied him of the "minimal civilized measure of life's necessities," and (2) if the conditions were sufficiently serious, that the Defendant acted with deliberate indifference to those conditions, i.e., that he actually knew of the conditions but refused to take reasonable steps to resolve them.

| STATEMENT |
|---|

*Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008), quoting *Farmer v. Brennan*, 511 U.S. 832, 834 (1994).

With respect to the cell conditions, Plaintiff alleges that he was housed in one cell with no running water and which was infested with rodents, roaches, and spiders. The second cell had no running water and roaches and was cold, which possibly gave him a cold. Plaintiff describes very unpleasant cell conditions, and the lack of running water, cold temperatures, and a pest infestation, even without a physical injury, can amount to unconstitutional conditions of confinement. *See Thomas v. Illinois*, __ F.3d __, 2012 WL 4458347 at *2 (7th Cir. Sept. 27, 2012) (clarifying that an inmate need not allege physical harm in addition to alleging a pest infestation to state a claim of an unconstitutional condition). However, the short duration of time he endured such conditions (three days) indicates no constitutional violation. "The length of confinement cannot be ignored in deciding whether the confinement meets constitutional standards." *Hutto v. Finney*, 437 U.S. 678, 686-87 (1978) ("A filthy, overcrowded cell and a diet of 'grue' might be tolerable for a few days and intolerably cruel for weeks or months."); *see also DeSpain v. Uphoff*, 264 F.3d 965, 974 (10th Cir. 2001) ("While no single factor controls the outcome of these cases, the length of exposure to the conditions is often of prime importance"); *see also Thomas*, 2012 WL 4458347 at *2 ("how long the infestation continues" is a factor when determining whether a pest infestation amounted to an unconstitutional condition of confinement).

In *Harris v. Fleming*, 839 F.2d 1232, 1235 (7th Cir. 1988), the Seventh Circuit held that five to ten days confinement in a filthy, roach-infested cell without toilet paper, toothbrush or toothpaste, did not rise to the level of an unconstitutional condition of confinement. In *Morissette v. Peters*, 45 F.3d 1119, 1122–23 (7th Cir. 1995), ten days' confinement in a filthy cell without cleaning supplies was not unconstitutional.

Claims of adverse conditions for as short a period of time as Plaintiff's have been allowed to proceed only when the conditions were extreme. *See Vinning–El v. Long*, 482 F.3d 923, 924 (7th Cir. 2007) (prisoner held in cell for three to six days with no working sink or toilet, floor covered with water, and walls smeared with blood and feces); *Johnson v. Pelker*, 891 F.2d 136, 139 (7th Cir. 1989) (inmate held for three days in cell with no running water and feces smeared on walls). The conditions Plaintiff alleges do not rise to such a level.

Furthermore, Plaintiff names Sheriff Tom Dart as the only Defendant; however, the amended complaint indicates neither that Dart was personally involved nor that the conditions of Plaintiff's two cells were systemic problems comon to all or many cells. *See Antonelli v. Sheahan*, 81 F.3d 1422, 1428-29 (7th Cir. 1996) (a sheriff is not personally involved with every condition of each cell, and can be expected to know about cell conditions only when the conditions are "systemic, as opposed to localized"). Apart from the lack of running water, which by itself does not support a § 1983 claim, *see Lloyd v. Briley*, No. 05 C 1499, 2007 WL 917385 at *6 (N.D. Ill. Mar. 23, 2007) (Coar, J.), Plaintiff alleges different adverse conditions with each cell, thus indicating localized, as opposed to systemic, problems. Where an inmate seeks to bring a claim based upon cell conditions that were only in his cell or a group of cells, he should name as Defendant the officer in charge of the unit or division. If Plaintiff does not know the officer's name, he may refer to the officer as John or Jane Doe, name a supervisory official (such as Tom Dart) to learn the name of the officer, and then substitute the officer's name for the Doe Defendant.

Accordingly, this Court must dismiss the amended complaint, but will allow Plaintiff another opportunity to submit a second amended complaint. To proceed with this case, Plaintiff must submit a second amended complaint that states which cell conditions are the subject of this case, how long he endured the conditions, and how the Defendant was involved or responsible for the conditions. Plaintiff is given 30 days of the date of this order to file such an amended complaint. His failure to comply will result in dismissal.

As previously advised, Plaintiff must write both the case number and the judge's name on the amended complaint, sign it, and return it to the Prisoner Correspondent. He must include a judge's copy and a service copy for each Defendant. Plaintiff is further advised that an amended complaint supersedes prior ones and must stand complete on its own. Thus, all allegations must be set forth in the amended complaint, without reference to prior ones. Any exhibits Plaintiff wants the court to consider in its threshold review must be attached, and each copy of the amended complaint must include complete copies of any and all exhibits.